UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ADAM ROYALL,<br><br>                          Plaintiff,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY, and DOES 1 through 10, inclusive,<br><br>                          Defendants. | Case No.:  3:26-cv-631-RSH-DEB<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[ECF Nos. 5, 6] |

On December 26, 2025, Plaintiff filed this lawsuit pro se in California Superior Court for the County of San Diego. ECF No. 1-3 at Ex. A ("Compl."). On February 2, 2026, Defendant removed the action to this Court on the basis of diversity jurisdiction, alleging that the Parties are citizens of different states and that the amount in controversy exceeds $75,000. ECF No. 1 ¶¶ 5–14.

On March 2, 2026, the Court issued an order to show cause why the action should not be remanded based on lack of subject matter jurisdiction, observing that "[o]n the face of the Complaint and the Notice of Removal, Defendant has not carried its burden to establish that the amount-in-controversy requirement has been met here." ECF No. 8 at 3.

1

On March 16, 2026, Defendant filed a response to the order to show cause. ECF No. 9. Defendant argues that "Plaintiff's allegations against Defendant directly relate to and are based on the same set of facts and allegations against Defendant that were alleged in Plaintiff's prior seven cases before this Court," and notes that in each of the first six actions, Plaintiff pleaded an amount in controversy exceeding $75,000. ECF No. 9 at 2–3.[1] A federal court's diversity jurisdiction over an action requires, however, that the amount in controversy *for that action* exceed $75,000. *See* 28 U.S.C. § 1332(a). Defendant provides no legal authority indicating that this requirement is satisfied because an action is *factually related* to another lawsuit for which the amount in controversy is satisfied. Nor can the Court conclude, reviewing the relevant pleadings here, that the instant action is effectively a re-filing of another lawsuit that was previously removed and dismissed, with the plaintiff strategically omitting allegations regarding amount in controversy to avoid federal jurisdiction over the re-filed lawsuit.

The Court concludes that it lacks subject matter jurisdiction over the action, and accordingly **REMANDS** the action to California Superior Court for the County of San Diego. In light of this disposition, the pending motions [ECF No. 4, 6] are **DENIED** as moot and without prejudice. The Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED**.

Dated:  April 14, 2026

Hon. Robert S. Huie
United States District Judge

---

[1] The Court remanded the seventh action, *Royall v. Sherwin Williams*, 26cv355, for lack of subject matter jurisdiction.

3:26-cv-631-RSH-DEB